MASTERS *versus* EASTIS.

*As to the collateral impeachment of a patent, issued for lands.*

*Relative to proceedings in the action of trespass to try title.*

1. A patent, issued by the United States, for land originally entered by the patentee, *and not void, on its face,* cannot be collaterally impeached, in an action of trespass to try title, by the production of the certificate showing an assignment of it to another, previous to the issuance of the patent.

2. In the action of trespass to try title, the fictitious proceedings in ejectment are abolished : and where, in such action, the ejectment was laid in the declaration as before the date of a patent, on which the plaintiff relied, it was held, that this was immaterial : and that damages were recoverable for the detention down to the time of trial.

Wiley Eastis brought his action of trespass to try title, to certain lands, against Robert Masters, in the Circuit Court of Jefferson ; and on the plea of the defendant, of not guilty, recovered judgment against him.

A bill of exceptions taken in the progress of the cause, and which was the foundation of its removal to this Court, shewed that on the trial, the plaintiff produced, as evidence, the patent for the land in question, whereby it appeared to have been granted to him. The defendant then offered to show, that when the plaintiff entered the lands, the subject of the action, he received a certificate therefor, which was then by him, assigned to another : and so, it was insisted

the plaintiff had no title.    But the Court rejected this testimony.

The Court was then requested, by the defendant, to charge the jury, that if the ejectment laid in the declaration of the plaintiff, was prior to the date of the patent on which he relied, then he could not recover: also, that if entitled to recover, no damages could be assessed for the plaintiff but those which had accrued before, and at the time of the commencement of the suit.    These instructions were refused.

*Mr. Ellis* and *Mr. Peck*, for the plaintiff in error—Messrs *Mardis,* and *Stewart,* and *Thornton,* for the defendant.

Hitchcock, C. J.—This was an action of trespass, to try titles, brought by the defendant against the plaintiff in error, in the Circuit Court of Jefferson county. On the trial of the cause in the court below, the plaintiff produced and read a patent from the United States, for the land in question, and also proved that the defendant was in possession of the premises sued for before and at the commencement of the suit, and also proved the value of the rents of the land.

The defendant then offered to prove that the land in controversy had been originally entered by the plaintiff, who received at the time of the entry a certificate of the purchase from the proper officer of the government ; and that some short time after the entry, he had duly assigned the certificate to one Wm. Eastis.   Objection being made to the reading of the certificate, the objection was sustained, and the certificate was excluded.

3 v. P.                          47

The defendant proved that Wm. Eastis was in possession of the land during the winter of 1833 and '34; that in the spring of '34, one Drury McGee was in possession, and that in the month of August, 1834, the defendant came into possession. The patent is dated the 14th October, 1834. The writ issued the 28th October 1834. The date of the certificate, and of its assignment, are not stated in the record. By the endorsement on the writ, the trespass is laid on the 10th October, 1834, and in the declaration, it is laid on the first day of July 1834.

At the trial of the cause below, the defendant asked the Court to instruct the jury, that if the ejectment, laid in the declaration, was before the date of the patent, the plaintiff could not recover: which the Court refused to do. He also asked the Court to instruct the jury, that the plaintiff, if entitled to recover, was entitled to no damages, except those which accrued before and at the time of the commencement of the suit; which instruction the Court also refused to give.

The rejection of the certificate and its assignment, and the refusal of the Court to give the instructions asked, are assigned for error in this Court.

To sustain the position that the certificate was proper evidence, the counsel for the plaintiff in error contends, that the certificate received by the plaintiff below, at the time the land was entered, vested in him a full, complete, and legal title to the land; that the assignment of the certificate, by the plaintiff, to William Eastis, vested all that title in his assignee; and that the subsequent acquisition of a patent, by the plaintiff, can not defeat the defendant's right to the land. To sustain this position, sundry previous

decisions of this Court, and particularly the case of *Bullock* vs. *Wilson*,[a] are relied upon.

2 Porter, 441, 442.

In the case referred to, the receipt was adduced in evidence by the original holder of the certificate, and it was held, that " the legal and *bona fide* holder of a receipt of this kind, is indefeasibly entitled to a patent for the same"—that " nothing more is necessary on his part, to secure it :" that " he already has a legal right :" that " the receipt and the law, imperatively command the issuance of the patent, as the complete evidence of the title :" and that " until it shall have issued, the receipt is the best evidence of the right which the case admits of." They farther say, that it comes within the equity of the act of 1812, which recognises all certificates issued pursuant to any act of Congress, upon any warrant, or order of survey, donation certificate, or pre-emption claim, as vesting in the holders " a full, complete, and legal title"—so far as to enable them to maintain an action thereon, and constitutes the same, evidence thereof, in courts of justice."

The Court, in the same case, further say, that " upon principles of *common law*, they must be regarded as evidence of a grade of title, which at least, confers the *right of possession*, and this alone is sufficient in this action." The substance of this decision is, that the legal holder of the certificate has a *right* to a patent, and that the certificate, in the mean time, will enable him to sustain an action for the possession. It does not declare that the certificate passes the fee of the land : this can be done only by the patent. The action of ejectment being a possessory action, the fee may be in one person, and the right to possession in another, and consequently the latter

may, in the absence of other proof, which will destroy that right, maintain this action for his possessory right, by virtue of a certificate. In all the cases, in which certificates and receipts of this kind, have come before this Court, the right of possession was the only question raised.

But when the certificate comes in conflict with a patent, which passes the fee, a question of entirely different character is presented.

It involves the enquiry as to the circumstances under which a patent may be impeached or avoided. The decisions heretofore made, have only decided upon the legal effect of a certificate, " until a patent shall have issued,"—not after.

The doctrine on this subject, appears to be well settled, in a case in the Supreme Court of the United States.[a] It is there laid down, "that if a patent is absolutely void upon its face, or the issuing thereof was without authority, or was prohibited by statute, or the state had no title, it may be impeached collaterally in a court of law, in an action of ejectment.— But that, in general, other objections and defects complained of, must be put in issue in a regular course of pleadings, on a direct proceeding to avoid the patent." This principle is deduced from the case of *Polk's lesse* vs. *Wendel*, first reported in 9th Cranch. 87; and the same case in 5 Wheaton, 293, and in 10th Johns 23; and which this Court is prepared to adopt, as the correct rule of law, in cases of this kind.

It will not be contended, that either of the above contingencies, are applicable to the patent before the Court. It is not void upon its face. The land had been originally entered by the patentee: there was

authority for issuing a patent for this land. It was not prohibited by any statute, and the United States had title in the land. The only question which can arise, is, whether the patent issued to the right person, and this involves a collateral inquiry, which, as we have seen, is not admissible in this proceeding.— The production of the patent carries with it the legal presumption, that every prerequisite of the law has been complied with; and, even if irregularities have intervened, it would be extremely unreasonable, in a court of law, to supervise the progressive course of a title, from its commencement to its consummation, [a] 11 Wheat, 383. in a patent.[a]

To have admitted the evidence in this case, for the purpose of giving it the effect contended for by the plaintiff's counsel, to wit, that of *ipso facto*, avoiding the patent, would have led the Court into an inquiry, which the plaintiffs might have required, of contesting the validity of the assignment of the certificate; and which, if decided either way, would have left the legality of the patent unimpeached.— For, by the practice of the land offices, duplicate receipts are issued, one of which is delivered to the purchaser and the other is sent to the general land office, for a patent. Now, that may have been the case here—if so, admitting the assignment to be valid, still the patent has legally issued; and in a Court of law, it being the highest evidence of a fee, must prevail over any other description of title. The patent having legally issued to the plaintiff, the fraudulent use of it, in a Court of law, will not be inquired into, when that use can only be prevented, by pronouncing it void.

' The defendant, in such a case, however, is not without his remedy: "A Court of Equity, is the more eligible tribunal, in general, for these questions, as it can decree a specific performance of a contract: they ought to be excluded from a Court of law."[a]

It was suggested, in argument, that the patent, having been issued subsequent to the date of the assignment of the certificate, the Court ought to construe it as having been issued for the benefit of the assignee, on the ground, that one who had sold lands to which he had no title, but who subsequently acquires one, shall be considered as having acquired it for the use of his grantee. This is correct law, and would be applicable to this case, if the plaintiff had conveyed this land by deed, with covenants, express or implied, of warranty; but which is not the case, here.

The two other points, as to the refusal to give the instructions asked, are decided by the two cases of *White* vs. *St. Giron*,[b] and *Av mt* vs. *Reed*.[c] It was there decided, that the legislature, in giving this action, not only intended to abolish the legal fictions, in the action of ejectment, but, also, to enable the plaintiff to recover, in the same suit, full satisfaction for the detention of the premises. The date of the ejectment, in the declaration was, therefore immaterial, and damages may be given down to the time of the trial.

Let the judgment be affirmed.