## MITCHELL v. COBB.]

1. When the register and receiver of the land office determine a controver sy between two individuals, claiming the right to enter land under the pre emption law, and on appeal to the secretary of the treasury he affirms their decision, a court of law cannot review the decision, which is final between the parties. Whether a party would be entitled to relief, either in equity or at law, when a decision had been procured against him by fraud— *quere?*

2. Parol evidence is inadmissible to establish, whether land was, or was not, an Indian reservation, as higher evidence exists of the fact, at the general land office.

Writ of Error to Benton Circuit Court. Before Hon. G. W. Lane.

THE defendant in error brought an action of trespass against the plaintiff, to try titles to the south-east quarter of section No. 19, township 16, range 8, east. The cause was tried on the general issue, and a judgment was rendered for the defendant in error. During the trial a bill of exceptions was taken, which presents the following facts:

The plaintiff below introduced a pre-emption certificate to the land sued for, issued by the receiver of public land to him, dated 7th March, 1845, and which purported to be issued under the pre-emption act of 1841, and proved, that the defendant was in possession of the land, and rested his case. The plaintiff in error then offered evidence tending to show, that he was entitled to enter the land under the provisions of the act of 1841, and that the defendant in error was not. That a controversy had taken place between the defendant in error, and himself, before the register and receiver, as to the right of entry under the act, and the defendant in error was successful. That an appeal to the secretary of the treasury was taken, and owing to the imperfect manner in which the

18

papers were sent up, the decision of the secretary was in favor of the defendant in error.

The plaintiff in error offered evidence tending to show, that he had complied with the requisitions of the act of 1841, but that the defendant had not. This evidence was rejected by the court, and the plaintiff excepted.

The plaintiff in error then offered parol proof, tending to show, that an Indian being the head of a family, had been located on said land, in conformity with the treaty of the 24th March, 1832. This evidence was also rejected by the court, and the plaintiff in error excepted.

The plaintiff then offered evidence tending to show, that he claimed the right to enter said land, in opposition to the right of the defendant in error; and had made valuable improvements on it before the defendant in error entered it. This proof was also rejected by the court, and the plaintiff excepted.

RICE, for the plaintiff in error.

1. An entry under the pre-emption act of 1841, by a party not entitled to enter the land, will not enable the party entering it to eject him in possession, who is entitled to enter the land under that act. 9 Ala. R. 596.

2. Parol proof may be given to show, that a Creek Indian, being the head of a family, was located on the land, under the treaty of 1832, and this evidence will show the entry to be void, and the certificate will give the party no title. Minter v. Crommelin, 9 Ala. R. 596.

WALKER, contra.

1. The evidence does not show fraud in the entry, but at best a mistake merely, and the register and receiver are made by law, the judges to determine on the right of an applicant to enter land under the pre-emption act, and their decision cannot be collaterally impeached in a court of law. Crommelin v. Minter, 9 Ala. 607; 13 Peters, 510.

2. An Indian reservation, under the treaty of 1832, would become subject to entry under the pre-emption act, unless the Indian continued in possession, or had sold it in accordance with the treaty.

DARGAN, J.—By the first question presented to the consideration of the court, the plaintiff in error seeks to review the judgment of the register and receiver, in granting the pre-emption certificate to the defendant in error. This he cannot be permitted to do. By the act of 1841, (Peter's Dig. vol. 5, p. 456,) all questions as to the right of pre-emption, arising between different settlers, shall be settled by the register and receiver of the district in which the land is situated, subject to an appeal to, and a revision by, the secretary of the treasury. The plaintiff and defendant in error had a controversy as to the right of pre-emption to the land now sought to be recovered. This controversy was settled by the register and receiver, in favor of the defendant in error. The plaintiff appealed to the secretary of the treasury, and his decision was also in favor of the defendant in error; and a pre-emption certificate issued to him. This decision is therefore final. Between the parties, it is no longer a question that can be litigated, and a court of law cannot review, or re-investigate the rights of the parties to enter this tract of land, under the act alluded to. But the decision of the register and receiver, when confirmed by the decision of the secretary of the treasury, on an appeal, is final and conclusive as to the rights of the parties. It is unnecessary to speculate on the question, whether in law or in equity, the plaintiff would be entitled to any relief, if the defendant in error had committed a fraud on the rights of the plaintiff, in procuring a decision in his favor, or if the decision was procured by fraudulent means—for the evidence in this case does not show that the defendant in error was guilty of any fraud. The circuit court, therefore, did not err in rejecting the proof tending to show that the plaintiff was entitled to enter the land, under the act of 1841, and that the defendant was not.

It is unnecessary to examine whether the land sought to be recovered, was subject to entry under the act of 1841, for if we were to admit, that an Indian reservation under the treaty of 1832, entered into between the United States and the Creek tribe, is not subject to entry under the pre-emption act referred to, it is very certain, that mere parol proof cannot be received to show that the land was part of an Indian

reservation under that treaty. The lands of the Creek tribe have been surveyed, in pursuance of the terms of the treaty, and the reservations have been selected and located in pursuance thereof. The evidence of these locations exists in writing, at the general land office, and affords the best proof of the fact, whether the land sued for was, or was not, an Indian reservation under the treaty. Without, therefore, expressing any opinion, whether an Indian reservation under this act is subject to entry, or whether the defendant could take advantage of it in this suit, if it was not, it is sufficient to say, that the court did not err in rejecting the parol proof offered to show, that the land sued for, was part of an Indian reservation.

It follows, that there is no error in the record, and the judgment of the circuit court is therefore affirmed.