## PHILLIPS *vs.* SHERMAN.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Patent to deceased person.*—Under the act of congress of May 20, 1836, (5 U. S. Statutes at Large, 31,) a patent issued in the name of a person then deceased enures to the benefit of his heir, devisee or assignee, and the heir may maintain an action at law on such patent.

2. *Validity and conclusiveness of patent.*—A patent issued under the act of congress of August 26, 1842, "for the relief of John Pratt, or his legal representative," (6 U. S. Statutes at Large, 865,) cannot be collaterally assailed, in a court of law, on the ground that the person to whom it was issued was not the legal representative of said Pratt; that question having been controverted before the commissioner of the general land-office, and decided by him in favor of the patentee, and his decision having been affirmed by the secretary of the interior on appeal.

3. *Cancellation of patent wrongfully issued.*—When a patent has been wrongfully or erroneously issued, the commissioner of the general land-office may, at any time before its delivery from the local land-office, revoke and cancel it.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by Charles E. Sherman, Joseph H. Russell, and Emma Russell, his wife, against Eldridge R. S. Carter, to recover a lot in the city of Mobile, which was described as a part of section forty-five, township four south, range one west, in the district of lands subject to sale at St. Stephens. Elam Phillips was made a defendant, as the landlord of Carter, and pleaded not guilty. The plaintiffs derived title under a patent from the United States, dated the 10th November, 1854, which purported to be issued under the act of congress approved on the 26th August, 1842, entitled "An act for the relief of John Pratt, or his legal representative," (United States Statutes at Large, vol. 6, p. 865;) and which, after reciting that Joseph H. Young "appears in the original papers and report of the committee, on which the said act of congress

was founded, as legal representative and vendee of the said Pratt"—that said Young had entered and paid for the land, and, as the attorney in fact of said Pratt, by deed dated the 12th October, 1842, had conveyed an undivided moiety of his claim to one John A. Chambers, who, on the 9th March, 1852, conveyed his interest to said Charles E. Sherman,—conveyed to said Young and Sherman, each, an undivided half of the land. Mrs. Russell, one of the plaintiffs, was the sole child and heir-at-law of said Joseph H. Young, (who died, intestate, in 1845 or 1846,) and had married her present husband before the commencement of this suit. The defendant impeached the validity of the plaintiffs' patent, on the ground that Sherman was not the "legal representative" of John Pratt, within the meaning of the act of congress above referred to; and claimed title in himself, as a purchaser from said Pratt, under a deed to himself and one Hubbard dated the 12th January, 1846.

The material facts of the case, as shown by the transcripts from the records of the general land-office at Washington and the local land-office at St. Stephens, are these: In June, 1836, John Pratt made application to the land-office at St. Stephens, claiming a preemption right to the tract of land embracing the lot here in controversy. On the 6th December, 1836, said Pratt executed to Joseph H. Young, for valuable consideration, a power of attorney, authorizing said Young to prosecute said preemption claim in his own name, and to sell and convey to others. Under this power of attorney, Young sold and conveyed to John A. Chambers, by deed executed in the name of Pratt by himself as agent, dated the 12th October, 1842, an undivided half interest in the land; and on the 9th March, 1852, Chambers sold and conveyed his interest to Charles E. Sherman. On the 13th September, 1843, Young made application to the land-office at St. Stephens to enter the land under the preemption right of Pratt, claiming to be the legal representative of said Pratt under the act of congress of August 26, 1842; and received from the register and receiver a patent certificate and receipt. On the 12th January, 1846, Pratt sold and

conveyed the land to Phillips & Hubbard, who thereupon had said deed recorded in the "book of transfers" in the land-office at St. Stephens. On the 5th July, 1850, the register of the land-office at St. Stephens issued a patent certificate for the land to "John Pratt or his legal representative," founded on said entry of the 15th September, 1843, above mentioned. Upon this certificate, on the 12th July, 1850, a patent was issued from the general land-office at Washington, in favor of "John Pratt or his legal representative;" but this patent was never delivered to any one, and was canceled on the 10th November, 1854, when the patent to the plaintiffs was issued. In the meantime, the right to the patent was contested by the rival parties before the commissioner of the general land-office, who decided in favor of the plaintiffs; and his decision was affirmed, on appeal, by the secretary of the interior; and the patent under which the plaintiffs claimed was issued under this decision.

The power of attorney from Pratt to Young, above referred to, was in the following words:

"Know all men by these presents, that I, John Pratt, of the city and county of Mobile, in the State of Alabama, for divers good causes and considerations me thereunto moving, as well as the further consideration of fifty dollars, to me in hand paid by Joseph H. Young, of the city and county aforesaid, the receipt whereof I do hereby acknowledge, have made, constituted, and appointed, and, by these presents, do make, constitute, and appoint the said Joseph H. Young my true and lawful attorney, irrevocably, to ask, demand, sue for, recover and receive any patent, or any documentary or other evidence of title, issuing from the general government, or other land-offices of the United States, to the north-west fractional quarter of fractional section twenty-two, in township four, range one west, south of the thirty-first degree of north latitude; and in my name, place and stead, to prosecute and defend my claim for a preemption to the same, before any land-office, or court of law or equity whatsoever; and in my name to claim, enter upon, and possess the same; and to sell, assign, convey, assure and set over, by proper

deeds and conveyances, unto himself or any other person,. in fee simple, all my right, title and interest, of, in, and to the premises above described, or any part thereof; and the money received, or arising from the sale of the same, or any part thereof, I do hereby direct, authorize and empower my said attorney to use, have, possess and enjoy as his own property; hereby giving and granting unto my said attorney full and whole power and authority in and about the premises, and generally to do and perform all and every act and thing in the law whatsoever needful and necessary to be done in and about the premises, and for me, and in my name, to do, execute and perform, as largely and amply, to all intents and purposes as I myself might or could do, if I were personally present; and an attorney or attorneys under him to appoint, make and substitute, for the purposes aforesaid; hereby ratifying and confirming all that my said attorney, or his substitute or substitutes, shall lawfully do by virtue thereof. In witness whereof," etc.

" Upon the foregoing evidence, the court instructed the jury, that the plaintiffs were entitled to recover in this action; to which charge the defendant excepted," and which he now assigns as error.

E. S. DARGAN, with GEO. N. STEWART, for appellant. Under the act of congress of August 26, 1842, under which the plaintiffs' patent purports to have been issued, a patent for the land could legally issue, only to 'John Pratt, or to his legal representative; and if issued to neither, the patent is clearly void.—5 Wheaton, 293; 10 Peters, 662. Sherman was not the "legal representative" of said Pratt, within the meaning of said act of congress. The power of attorney, under which he claimed that character, was clearly a conveyance, and was intended to divest Pratt of all beneficial interest in the land. It is not a mere agency, but an actual conveyance, and was so intended; and therefore, under the several acts of congress prohibiting the sale or transfer of preemption claims, it is to all intents and purposes null and void.—U. S. Statutes at Large, vol. 5, pp. 420, 496, 678.

Wm. G. Jones, *contra.*—The decision of the secretary of the interior, affirming the decision of the commissioner of the general land-office, on the merits of the rival claims in this case, is conclusive between the parties in a court of law.—Bell v. Hearne, 19 How. (U. S.) 252; Bagnell v. Broderick, 13 Peters, 436; Mitchell v. Cobb, 13 Ala. 137.

A. J. WALKER, C. J.—Joseph H. Young, one of the grantees of the United States in the patent of 10th November, 1854, died before the date of the patent. But, by virtue of the act of congress of 20th May, 1836, the title enured to, and became vested in, his heir.—5 U. S. Statutes at Large, 31; Schedda v. Sawyer, 4 McLean, 181. The only child of Young was, therefore, a proper party plaintiff in this suit, as the owner of the title nominally bestowed by the patent upon her deceased father.

[2.] By the act of congress of 26th August, 1842, "John Pratt, or his legal representative," was authorized to enter the *locus in quo*, at the minimum price of public lands, under his preemption claim.—6 U. S. Statutes at Large, 865. After the passage of this act, the proper departments of the government of the United States, upon the fullest consideration of the question, decided, that Joseph Young was, within the meaning of the act, the "*representative*" of John Pratt; and issued a patent for the land to Young, and to Sherman, who derived his claim from Young. Sherman and the heir of Young, joining in this suit to recover, rest their claim of title upon that patent. The defendant assails the patent, upon the ground that Young was not the "representative" of Pratt, within the true meaning and intent of the act of congress; and that the departments of the government of the United States erroneously adjudged the question as to who was Pratt's representative. In support of the proposition that the patent was erroneously issued, the defendant adduced the same evidence that was before the commis sioner of the general land-office, and also before the secretary of the interior on the appeal to him, pending the contestation of the right to a patent.

Now, it is manifest that, under the act of congress of 26th August, 1842, the general government had authority to issue a patent for the land; and that it was the duty of the commissioner of the general land-office, subject to an appeal to the secretary of interior, to determine who was the person entitled to a patent under that act. The decision has been made; the patent has been awarded; the patent is not void upon its face; the land was subject to sale, and there was authority to issue a patent. These circumstances existing, it is not permisssible that the patent shall be collaterally assailed in a court of law. Masters v. Eustis, 3 Port. 368; Mitchell v. Cobb, 13 Ala. 137; Crommelin v. Minter, 9 Ala. 594, 607; Wilcox v. Jackson, 13 Peters, 498; Bagnell v. Broderick, 13 Peters, 436; Bates v. Herron, at the last term; McTyer v. McDowell, at the present term.

[3.]   A patent had been issued, previous to that of the plaintiffs; but, after reaching the local land-office, and before its delivery, was recalled by the commissioner of the general land-office, and, being deemed erroneous, was subsequently canceled. The authority of the commissioner of the general land-office to revoke an erroneously issued patent before its delivery, and to correct its error, is maintained, upon reasoning which we deem conclusive, by the supreme court of the United States, in the case of Bell v. Hearne, 19 Howard, 252.   Therefore, the previous issue of a different patent, which before its delivery was recalled, does not impair the validity of the plaintiffs' title.

Judgment affirmed.