KRUTZ AND CAMPBELL v. ALPHEUS FISHER.

1. AGENT, *Cannot act for himself; Trustee.* An agent undertaking any business for another is disabled in equity from dealing in the matter of the agency upon his own account, or for his own benefit; and if he do so in his own name he will be considered as holding in trust for his principal.

2. ———— *Tax Certificates; Purchase by Agent.* An agent having charge of lands cannot, by a purchase of the tax-sale certificate from the county for those lands, make himself an owner of the land as against the principal.

3. TRUSTS; LIMITATION OF ACTIONS; *Trust not terminated by the Statute.* Where an agent, having charge of lands acquires a tax title to such lands he will hold such title as trustee for principal; and the two years limitation applicable to recorded tax titles will not be a bar to an action by a principal to compel a performance of such implied trust.

*Error from Miami District Court.*

ACTION to establish a trust, and to require trustee to execute conveyance, brought by *Wm. G. Krutz* and *H. S. Campbell* as plaintiffs, against *Alpheus Fisher* as defendant. The material facts alleged in the petition are these: Charles W. Statham, a resident of the State of Virginia, was the owner in fee of several tracts of land lying in the county of Miami, in this State. He appointed George Fisher, (the father of the defendant,) an agent " to sell the lands, pay taxes, protect the timber," etc. Fisher resided on lands adjoining the lands of

Statham; and the latter transmitted money to Fisher with which to pay the taxes on said lands for the years 1858 and 1859, and a small balance was left in Fisher's hands as agent. The taxes for 1860 were not paid when due, and before the tax sale for said year Statham was within the " Confederate lines," and unable to hold communication with his said agent. Statham's lands were sold for the taxes of 1860, and were struck off to the county. On the 29th of August, 1863, said George Fisher took an assignment of the certificates of tax sale to himself for the avowed purpose of protecting himself for advances for the taxes; and in the September thereafter said Fisher died. On the 4th of October, 1865, the county clerk made to .the heirs of said Fisher a tax deed for said land, which deed was duly recorded on the next day. By subsequent partition in the district court of Miami county, all the right of George Fisher's heirs in a certain quarter-section of the Statham lands, (described in the petition,) became vested in the defendant, *Alpheus Fisher*, who at the commencement of this action was the holder of the same. The title of Statham became vested in the plaintiffs by deeds conveying the same. The plaintiffs prayed that defendant might be held as trustee, and ordered to surrender his title to plaintiffs, tendering $300 as the amount defendant was entitled to as money advanced on the purchase of the tax-sale certificate, and for taxes, together with interest and costs thereon, and plaintiffs prayed for such other order as equity and good conscience might require. This petition was filed on the 23d of March, 1870. The defendant filed a demurrer, which was overruled. He then answered setting up, first, a general denial; second, title and adverse possession since 1863, derived through a tax-title, with valuable improvements on the land; third, three years limitation; fourth, two two years limitation; fifth, five years limitation; sixth, ten years limitation. The plaintiffs demurred to the last four clauses of the answer jointly. The four clauses of the answer setting up the bar of the statute are as follows:

" 3d.—The cause of action set forth in the petition of the plaintiffs, at the time of the assignment or transfer of the

tax certificate of sale to George Fisher, to-wit, Aug. 29, 1863," did not accrue to said plaintiffs within three years before this action was commenced.

"4th.–Plaintiffs' cause of action did not accrue within two years from Oct. 5th, 1865, the date of filing and recording of the tax deed for the land in said petition described, before this action was commenced.

"5th.–The cause of action set forth in plaintiffs' petition did not accrue within five years before this action was commenced.

"6th.–The cause of action set forth in plaintiffs' petition did not accrue within ten years before said action was commenced."

The demurrer to these defenses was overruled, and plaintiffs excepted. The case was then tried by the court on the issues of fact, and judgment was rendered for the defendant, to which plaintiffs excepted. The court did not state the findings of fact, nor does the record contain any part of the evidence. The record shows the finding of one fact only, and that is, that Fisher when he purchased the tax-sale certificate avowed that he was still the agent of Statham. As a conclusion of law, the court found " that the right of action of plaintiffs is barred by the limitation contained in section 116 of chapter 107 of the General Statutes of 1868." *

The only error assigned in the petition in error, and complained of in this court, is, " that the district court erred in overruling plaintiffs' demurrer to the third, fourth, fifth, and sixth defenses in defendants' answer contained and set forth."

*B. F. Simpson,* for plaintiffs in error:

1. The case does not fall either within the letter or the spirit

---

* ANOTHER action was brought by the same plaintiffs, *Krutz* and *Campbell*, against *Edwin Fisher, and others*, (also heirs of George Fisher, deceased,) to compel defendants to convey all their right and title to certain other parcels of land to plaintiffs. The two cases were heard in this court together, and in the last mentioned case the following opinion was filed:

"KRUTZ & CAMPBELL v. EDWIN FISHER, *et al. By the Court:* This case is identical with the case of *William G. Krutz, et al., v. Alpheus Fisher*, with the exception that in this case the two-years limitation is correctly stated as to *form;* but this will make no difference in the decision. For the reasons given in that case the judgment in this is reversed, and the case remanded for further proceedings."

of § 116, ch. 107, Gen. Stat.   It is not an action for the recovery
of real property sold for taxes.   The object of the action is
not to *defeat* or *avoid* a sale or conveyance of land for taxes.
The petition is framed on the theory that the legal title, by
reason of the sale and conveyance for taxes, was vested in the
heirs of George Fisher, as trustees of the original owner; and
the prayer is that they may be compelled to convey *whatever
title they might have acquired* by reason of said sale and con-
veyance, to the equitable owners of the premises.

The defendant in error stands in the shoes of his father.   By
the father's death, and the subsequent partition proceedings,
the legal title vested in him; and it was his legal and moral
obligation to convey such legal title to the plaintiffs in error,
and thus discharge the trust, the plaintiffs tendering defendant
the money expended in payment of taxes on the land and a
reasonable compensation for the services of his father as
agent.

2. To entitle the defendant to the protection of the statute
of limitation in this case, it ought to appear that, without
knowledge of the relation of principal and agent existing
between his ancestor and Statham, and without notice of the
equities of the plaintiffs and in good faith, and relying on his
"color of title," he made an entry, and has held adversely for
the requisite length of time.

The possession held by Fisher and his heirs was not adverse.
It was the possession of their principal; and until they had
openly and notoriously, and after full notice to the principal,
discharged themselves from his agency, they could not assert
hostile title, or hold adverse possession.

There can be no diversion of a trust, although the *exercise*
of an adverse possession *for a great length of time* may in
equity bar and extinguish a trust.   Nothing short of the full
statutory period which would bar a legal estate or right of
entry is permitted to operate in equity as a bar of the equitable
estate.   This doctrine seems to be admitted by the authorities
ever since the great case of *Cholmondeley v. Clinton*, 2 Jac.
& Walk.   See cases cited in 2 Story Eq. Jur., §§ 1520, 1522,

and Story Eq. Pl., §§ 503, 751, 759; and see 6 Wheaton, 481.

3. An agent whose duty it is to pay taxes cannot become the purchaser of his principal's land at a tax sale. Blackw. Tax Titles, 401; 5 B. Monroe, 458; 32 Maine, 305; 7 Watts, 472.

4. Can it be claimed that the placing of the tax deed on record was an open and notorious renunciation of the agency? Fisher himself took an assignment of the certificate merely to protect himself for money advanced *as agent*. The act of the heirs in procuring a deed on the certificate, and placing it upon record after the death of their father, was a *fraud;* and to sustain their plea of the statute of limitations would permit them to take advantage of their own wrong.

5. The rule that a trustee is not allowed to make a profit out of his trust, is based on a principle of human justice, that no person having a duty to perform shall be allowed to place himself in a situation in which his interest and his duty conflict. This principle applies to and includes executors, administrators, guardians, attorneys, agents, assignees, commissioners, sheriffs, and all persons, judicial or private, ministerial or counseling, who in any respect have a concern in the business entrusted to them. 22 N. Y., 325; 37 Mo., 559; 42 id., 189; 43 id., 153; 44 id., 444; Sug. on Vend., 566.

The case of *Baker v. Whiting*, 3 Summer's C. C., 475, decided by Story, J., is a case similar in fact, and passes upon the questions arising in this case.

*W. R. Wagstaff*, for defendant in error:

1. When Fisher took the assignment of the certificate of tax-sale, there was no consideration moving between him and Statham, and no one present on the part of Statham to consent or bind; so that, at that time, no new rights accrued to Statham. The previous agency had terminated; all communication between the parties had ceased.

2. The only theory on which plaintiffs can maintain their action is, that George Fisher was, at the time of taking the assignment, the trustee of Statham, for the land, either expressly

created, or by implication of law. It is not pretended that there was an express trust; and we maintain that upon the facts, as shown, there is no trust by implication of law.

3. The several pleas of the statute are admitted by the demurrer. Admitting the statutes properly pleaded, are they all, or either of them, a good defense to the plaintiff's action? The statute begins to run from the date of filing the tax deed for record, which was Oct. 5th, 1865. It does run unless legally prevented. Fraud may prevent it; but no fraud is here shown. A simple breach of trust, even if it existed, is not fraud. Angel on Lim., § 187. There was no concealment; and unless there is fraudulent concealment on the part of the defendant, the plea of the statute is not avoided: 3 Greenl., (Me.,) 405.

The recording of the tax deed on the 5th of October, 1865, declared the intention of the heirs of George Fisher. This action was commenced March 23d, 1870. More than four years had intervened. The statute bars the action in two years. Gen. Stat., ch., 107, § 116.

4. It is nowhere denied by plaintiffs that the possession of Fisher was adverse to that of Statham. Fisher held possession under the tax certificate of sale assigned to him. The heirs or Fisher held under the tax deed; and Alpheus Fisher under partition and conveyance. All the parties were innocent holders, without any knowledge of Statham's claims.

It is enough that the possession of land be under a claim of color of title to clothe with the character of an adverse holding, to give it efficacy as a defense when of sufficient duration to be a bar. (Tyler on Adverse Possession, p. 863.) Adverse possession may be set up against any title whatsoever, and a title made out under the statute in favor of the possessor. 4 How., 118; 7 Johns. Ch., 113; 6 Penn. St., 210; 8 Ohio, 159; 2 Story Eq., § 1520a.

A trustee may deny the right of his *cestui que trust*, abandon his fiduciary character, and assume absolute ownership of the property held in trust; and the statute of limitations will bar a recovery. Angel on Lim., §§ 174, 472.

The opinion of the court was delivered by

KINGMAN, C. J.: There is only one error assigned or complained of in the petition in error, and that is the overruling of the demurrer of plaintiffs to the four defenses setting up the several statutes of limitation; hence the only question for us to decide is, whether any of these several pleas was a good defense to the action.* If either was a good defense, then the demurrer, being to all jointly, was properly overruled.

The question is, whether either of the limitations set up constitutes a defense, by itself, to the facts set up in the petition. It is conceded that the statute of limitations might be so connected with other grounds of defense, that, taken with those grounds, it would constitute a perfect bar to the petition. For instance, if the answer to such a petition as the one in this case, set up a holding under a valid tax title, and claimed that such a holding had continued, after the recording of the deed more than two years before the commencement of the action, this would constitute a good defense; for, if true, it might be a complete bar to a recovery. But in this case, each ground of defense setting up limitation is independent of other grounds of defense, and is connected with them merely by reciting that plaintiff's cause of action set forth in the petition did not accrue, etc. It is a rule of pleading that each defense is to be regarded as if it stood alone, and as if it were the sole defense, and should be complete in itself, unless by distinct and intelligible reference it be connected with facts stated elsewhere in the answer. (Swan's Pl., 266.) The question then recurs, whether either of the limitations set up in the answer, would, if true, be of itself a bar to the plaintiffs' recovery, on the facts set up

---

*THE *record* in this case shows that plaintiffs in error " excepted," *first*, to the overruling of their demurrer to the several pleas of the statutes of limitation; *second*, to the finding of the court that Fisher was the agent of Statham at the date of his purchase of the tax certificate; *third*, to the finding of the court, as conclusion of law, that the plaintiff's action was barred; *fourth*, to the giving of judgment for the defendants. It would seem therefore, (from the language of the Chief Justice,) *as matter of practice*, that the supreme court will assume that the plaintiff in error *waives* every exception or error appearing in the record, unless brought to the notice of the court by proper assignment in the petition in error.—REPORTER.]

in their petition; and we think it would not, for reasons that will be presently given.

Of the four several defenses setting up the different limita tions, it may be observed that the one setting up the two years is so defectively stated that it must be entirely disregarded; but the three years limitation was well enough stated to be comprehended, and as it is for a longer period than two years, would, if true for three years, be good for the lesser time. Five years is set up in one count, and ten years in another. This last is a limit not now on our statute book, and is not so pleaded as to make it apply to the late statute.

The argument has been wholly on the two-years limitation, and to that we shall give our chief attention, merely remarking that what may be said on that will apply equally well to the others. Our statute has provided that an action for the recovery of real property sold for taxes must be brought within two years after the date of the recording of the tax deed. This provision is substantially repeated in section 116 of chap. 107 of the general statutes, and we have no disposition to refine away this portion of the law. The action in this case is not to recover land sold for taxes, or to resist the sale, or to set it aside, or defeat, or avoid it. The plaintiffs, by their petition, concede the validity of all the proceedings, and only seek to have their rights under the tax sale adjusted. So far from contesting the sale for taxes, they claim whatever rights they seek in their petition under the tax sale. They claim that the purchaser from the county acted as the agent of their grantor, and whatever right he obtained was for the interest of his principal, and that the agent cannot hold adversely to his principal, and that his heirs are in no better situation. To this state of facts the two-years limitation is no answer. It is not our purpose to decide on what may be the merits of this case, only that the limitation of two years, as it was pleaded, was no answer to the facts as stated in the petition; and therefore the court erred in not sustaining the demurrer.

The facts stated in the petition made a good cause of action, and entitled the plaintiffs to the relief prayed for. The principle

is old and well established that an agent undertaking any business for another is disabled in equity from dealing in the matter of the agency upon his own account, or for his own benefit; and if he do so in his own name he will be considered as holding in trust for his principal. For the application of this principle to the case before us see the case of *Baker v. Whiting*, 3 Sumner, 475, where Mr. Justice Story says: "The whole question in the present case turns upon this: whether the defendant Whiting, at the time of his purchase of the premises at the sale for taxes in August, 1821, was the agent of the heir of Jacob Tidd, of Simpson, and of other proprietors, of their undivided shares in the premises. If he was, then, upon the acknowledged principles of courts of equity, he, as an agent, could not become a purchaser at the sale for himself, but his purchase must be deemed a purchase for his principals. It matters not whether, in such a case, the defendant intended to purchase for himself, and on his own account, or not." In *Bartholomew v. Leech*, 7 Watts, 172, it was held that an agent having charge of wild lands cannot become a purchaser thereof at a sale for taxes, without a previous and explicit renunciation of the agency. In this case, Gibson, C. J., in delivering the opinion of the court, observes: "The most open, ingenuous, and disinterested dealing is required of a confidential agent while he consents to act as such; and there must be an unambiguous relinquishment of his agency before he can acquire an interest in the subject of it. To leave a doubt of his position in this respect is to turn himself into a trustee. It is unnecessary to recur to authority for a principle so familiar, and so accordant with common honesty." The same question is decided in *Oldham v. Jones*, 5, B. Monroe, 467, and in *Schedda v. Sawyer*, 4 McLean, 181. The cases cited apply the principle to the exact state of facts set up in the petition. The general principle is stated in a multitude of cases, many of which are referred to in Hare & Wallace's notes to *Keech v. Sanford*, 1 Lead. Cas. in Eq., 91, and to *Fox v. Mackrett*, and *Pitt v. Mackrett*, id. 208. The petition, then, setting up a state of facts that if proved entitled the plaintiffs to the relief sought, and the clauses of the

answer setting up the limitations not being a bar to the action, the demurrer should have been sustained; and for error in refusing to sustain it, the judgment must be reversed, and the cause sent back for further proceedings in accordance with this opinion.   As we do not know what the facts really were on the trial, nor what they may be on another trial, we do not decide anything more than that as pleaded, no one of the four clauses of the answer setting up a limitation was a good defense to the facts set up in the plaintiffs' petition.   Judgment reversed, and a new trial awarded.

All the Justices concurring.