No. 24,125.

E. B. SHAFFER, *Appellee,* v. L. L. LINDSAY and PHOEBE LINDSAY, *Appellants.*

### SYLLABUS BY THE COURT.

JOINT INTEREST IN LEASE—*One Owner May Not Sell Lease to His Wife Without Disclosing Name of Purchaser.* One who is entrusted by another with the entire management and control of their joint interest in an oil and gas lease cannot make a binding sale of their interests to himself or to his wife and withhold the name of the purchaser, giving as a reason for not disclosing the name that the latter refuses to let his name be known.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion filed July 7, 1923. Affirmed.

*S. F. Wicker, G. A. Badger,* both of Eureka, *R. M. Hamer.* and *O. T. Atherton,* both of Emporia, for the appellants. .

*G. H. Lamb, W. E. Hogueland,* both of Yates Center, *Owen S. Samuel,* and *Gilbert H. Frith,* both of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to have him adjudged to be the owner of an undivided one-half interest in an one-eighth royalty in an oil and gas lease on the north half of the southeast quarter of section 23, township 23, south of range 13, east in Woodson county. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

The plaintiff and defendant L. L. Lindsay for $2,000 purchased an oil and gas lease on the entire 160 acres above described. They agreed with each other that the lease should be taken in the name of L. L. Lindsay and that he should have the entire management and control of it. Afterward, they determined to sell the lease on the north half of the 160 acres. Lindsay at first reported an inability to find a purchaser, but afterward reported that he had found a purchaser for the lease, but that the purchaser insisted his name be not disclosed. The price offered was $2,000. The plaintiff agreed to make the sale, and it was made to defendant Phoebe Lindsay, the wife of defendant L. L. Lindsay. Afterward, the plaintiff desired to know who bought the lease, but the defendant L. L. Lindsay refused to disclose the name of the purchaser. The plaintiff commenced this action immediately after learning that Phoebe Lindsay' was the purchaser.

The defendant argues that the judgment is erroneous because the plaintiff and defendant were not partners and that for that reason no fiduciary relation existed between the plaintiff and L. L. Lindsay and that the latter was not obliged by law to disclose to the former the name of the purchaser of the lease. The difficulty with the argument of the defendant is in assuming that no fiduciary relation existed between the plaintiff and L. L. Lindsay. The latter had entire management and control of the property. He may not have been a partner of the plaintiff, but if he was not a partner, he was the agent of the plaintiff. A fiduciary relation exists between principal and agent. (2 C. J. 419, 453.) The agent is bound to disclose to his principal all matters that the principal should know. The plaintiff should have known who was the purchaser of the lease, particularly when that purchaser was the wife of defendant L. L. Lindsay. The transaction looks very much like a fraud practiced by Lindsay on his principal or associate which-

ever he may have been. Lindsay could not legally purchase the property for himself or for his wife and not reveal that fact to Shaffer. (*Fry v. Platt,* 32 Kan. 62, 3 Pac. 781; 2 C. J. 700.)

The judgment is affirmed.