No. 30,035.

ADA PAYNE, ALTA BELL PAYNE et al., *Appellees*, v. H. T. ADAMS and THE GREGG REALTY COMPANY, *Appellants*.

(3 P. 2d 630.)

Opinion filed October 10, 1931.

*W. W. Brown*, of Parsons, *Henry S. Conrad, L. E. Durham* and *Hale Houts*, all of Kansas City, Mo., for the appellants.

*J. M. Humphrey*, of Erie, *Payne H. Ratner*, of Parsons, *C. W. Prince* and *James N. Beery*, both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for the cancellation of deeds to

a farm in Neosho county and to a house and lot in Erie. Judgment was for plaintiffs. Defendants appeal.

The petition of plaintiffs alleged the ownership of the property in plaintiffs, the execution of deeds to D. D. Moorehouse and the changing of this name to that of H. T. Adams without the consent of grantors. The petition also alleged that in return for the above-mentioned deed appellees received from D. D. Moorehouse a deed to certain described property in Kansas City; that this deed was recorded without the knowledge of appellees, and that before the commencement of this suit a good and sufficient warranty deed for the Kansas City property was tendered D. D. Moorehouse; that George H. Payne died November 6, 1927, leaving a wife and several grown children, the appellees herein, and that Ada Payne, his wife, died May 15, 1929. It was further alleged that defendant, H. T. Adams, and the Gregg Realty Company fraudulently claim some interest in the Neosho county property, and that they are wrongfully in possession.

The petition alleged that on July 13, 1926, the Gregg Realty Company owned the Kansas City property; that the bare legal title was in D. D. Moorehouse, a stenographer for the Gregg Realty Company; and that the Gregg Realty Company was the agent for the Paynes in the matter of trading or disposing of the above-mentioned home and farm properties.

It alleged that shortly before July 13, 1926, one W. E. Solomon, an agent of the Gregg Realty Company, induced the Paynes to come to Kansas City, and showed them the apartment in question; that said Solomon, together with other representatives of the Gregg Realty Company, pretended that the apartment was owned by a man named D. D. Moorehouse and represented that it had been yielding, and in the future would yield, a gross annual revenue of $2,400; that the net annual income would be $1,700, that the property was encumbered with a mortgage of $8,000, that $500 would be due in December of 1926, and that the owner of the mortgage did not desire the payment of the mortgage when due, but had promised to renew it; that if a new loan should be desired there would be no difficulty in obtaining a loan for $15,000, that loans in that amount were common on similar properties and that a loan in that amount had been promised on this property; that the reasonable market value of this property was $26,000 and it had never

sold for less. It was alleged that Solomon and the other representatives of the Gregg Realty Company assured the Paynes that the Gregg Realty Company would protect and represent them faithfully in the negotiations and consummation of an exchange of the Neosho county property for the Kansas City property for a commission of $320.

It was further alleged that all of the above statements were false and were known by the Gregg Realty Company and its representatives to be false, and were a part of a scheme to deprive the Paynes of their property; that the Paynes signed a real-estate exchange contract providing for the exchange of the properties with D. D. Moorehouse, relying upon the above false representations and believing them to be true; that on the same day the Paynes executed deeds to their properties and delivered them to the Gregg Realty Company to be delivered to D. D. Moorehouse, but that they never were delivered to her; that on July 30, 1926, the Paynes executed two additional deeds to D. D. Moorehouse, which were recorded, and that the name of the grantee, D. D. Moorehouse, was erased and the name H. T. Adams fraudulently substituted; that H. T. Adams was a stenographer in the office of the Gregg Realty Company and holds only the bare legal title to the property; that the Gregg Realty Company was claiming to be the beneficial owner of the property and that no such claim had ever been made to George H. Payne or Ada Payne in their lifetime, and the Paynes had never consented to the delivery of their deeds or the passing of this title to anyone other than D. D. Moorehouse.

It was further alleged the Kansas City property was not owned by D. D. Moorehouse, but by the Gregg Realty Company, and that had the Paynes known that D. D. Moorehouse did not own the apartment, or that it was actually owned by the Gregg Realty Company, they would never have executed the deeds in question or made the exchange. A tender of a deed to the Kansas City property back to the Gregg company was alleged.

The appellants answered with a general denial and denied specially that the Paynes had any interest in the Neosho county property. They also alleged that the claim of appellees was barred by the statute of limitations and that they were guilty of laches and were estopped from setting up the claim which was alleged in the petition. Trial was to the court.

Findings of fact and conclusions of law were made as follows:

"The court finds from the evidence, and also from the admissions in the pleadings (the allegations of agency in plaintiffs' third amended petition, not being denied under oath), that defendant, the Gregg Realty Company, was the agent of George H. Payne and Ada Payne in the contract of exchange of the Neosho county, Kansas, farm and city property hereinafter described, for the Kansas City, Mo., property described in said contract of exchange and hereinafter described; the court further finds that defendant, the Gregg Realty Company, was at the time of the exchange of properties the owner of said Kansas City, Mo., property, standing of record in the name of D. D. Moorehouse, its 'straw'; the court finds that the said George H. Payne and Ada Payne had no knowledge of the fact that the defendant, the Gregg Realty Company, was at the time of the exchange of properties the owner of the said Kansas City, Mo., property; and further finds that defendant, the Gregg Realty Company, continued the agent of said George H. Payne and Ada Payne in the management of the said Kansas City, Mo., property and the collection of rents, and the agent of Ada Payne, the widow of George H. Payne, deceased, in the renewal of the loan on said Kansas City property.

"The court further finds from the evidence that defendant, the Gregg Realty Company, sustained a fiduciary relation to the said George H. Payne and Ada Payne during the lifetime of said George H. Payne, and of Ada Payne thereafter to the time of the due tender of deed of Ada Payne to D. D. Moorehouse of the Kansas City, Mo., property, through the Gregg Realty Company, about July 23, 1928.

"The court from the evidence finds that defendant, the Gregg Realty Company, without the knowledge of George H. Payne and Ada Payne, the grantors, caused to be substituted as grantee in the deeds of George H. Payne and Ada Payne to the said Neosho county property the name of H. T. Adams for D. D. Moorehouse, each a 'straw' for defendant, the Gregg Realty Company.

"The court from the evidence finds that George H. Payne at the time of his death had no knowledge of the fact that the Gregg Realty Company was the owner of the said Kansas City, Mo., property at the time of the exchange of properties; or that the name of H. T. Adams had been substituted in said deed as grantee for D. D. Moorehouse. The deed of D. D. Moorehouse to the Kansas City, Mo., property was not delivered to George H. Payne and Ada Payne or either of them, but was retained by defendant, the Gregg Realty Company.

"The court from the evidence further finds that Ada Payne and plaintiffs herein had no knowledge of the fact that defendant, the Gregg Realty Company, was the owner of the Kansas City property at the time of the exchange of properties, or that the name of H. T. Adams had been substituted as grantee in the deeds of George H. Payne, and Ada Payne for D. D. Moorehouse, until on or about July 20, 1928, soon prior to the commencement of this action July 24, 1928.

"The court further finds that defendant, the Gregg Realty Company, by and through its agents and representatives, among them W. E. Solomon,

fraudulently and with the intent and for the purpose of deceiving, cheating and defrauding said George H. Payne and Ada Payne out of the said Neosho county property by exchanging for said Kansas City property, concealed its ownership of the Kansas City property, misrepresented the ownership of the Kansas City property, misrepresented the value of the Kansas City property, misrepresented the expense of the upkeep of the Kansas City property, misrepresented the returns on the Kansas City property, and misrepresented the situation as to the renewal of the encumbrances on the Kansas City property; and did thereby, and further because of its said fiduciary relation to the said George H. Payne and Ada Payne, fraudulently deceive the said George H. Payne and Ada Payne, whereby and because thereof the said George H. Payne and Ada Payne were induced to execute said exchange contract and execute and deliver deeds to the said Neosho county, Kansas, farm and city property to D. D. Moorehouse.

"The court finds the evidence introduced incomplete and insufficient to enable the court to make an accounting as to the different properties involved in this action, if otherwise proper to do so under the issues.

"The court from the evidence finds that plaintiffs are not guilty of laches, as charged by defendants in their amended answer to plaintiff's third amended petition; that plaintiffs are not estopped from maintaining this action as charged by defendants in said answer; and that the bar of the statute of limitations has not operated against plaintiffs as charged by defendants in said answer.

"It is by the court adjudged and decreed that the two deeds of George H. Payne and Ada Payne, executed on or about the 30th day of July, 1926, to the Neosho county, Kansas, farm and city property, respectively, hereinafter described, in which defendant, H. T. Adams, appears as grantee of record in the office of the register of deeds of Neosho county, Kansas, in book 98 of deeds in said office, be and they are each hereby vacated, canceled, set aside and held for naught.

"Plaintiffs, Alta Belle Payne, Hazel Whitworth, Mabel Fiedler, Verne V. Payne, Floyd O. Payne, Clyde Payne and Guy Payne, are by the court adjudged and decreed the owners of said Neosho county, Kansas, farm and city property described as follows:

" 'The south one-half (S½) of the northeast quarter (NE¼) and lots one (1) and two (2) of section three (3), township twenty-eight (28) south, of range twenty (20) east of the sixth principal meridian, containing 161.35 acres, more or less, according to government survey, situated in the county of Neosho and the state of Kansas; and

" 'The south three (3) feet of lot nine (9) and all of lots twelve (12) and thirteen (13), block five (5), George's addition to the city of Erie, Neosho county, Kansas, according to the recorded plat thereof.'

"Defendants H. T. Adams and the Gregg Realty Company, and each of them, are forever barred of any and all right, title, claim and interest in and to said described Neosho county, Kansas, farm property and city property and each of them. This judgment and decree to operate to vest title to said Neosho county, Kansas, farm and city property and each of them in said plaintiffs in equal portions, and plaintiffs are entitled to the immediate pos-

session thereof. Defendants and each of them, and all parties claiming by, through or under them, are ejected from said premises and every part thereof.

"It is by the court further adjudged and decreed that the deed of D. D. Moorehouse to George H. Payne and Ada Payne dated about July 13, 1926, to the west forty-three (43') feet nine inches (9") of the east seventy (70') feet nine (9") inches of lots forty-six (46) and forty-seven (47), and the north fifteen feet (15') of the west forty-three (43') feet nine (9") inches of the east seventy (70') feet nine (9") inches, block eight (8), Vanderbilt place, an addition in Kansas City, Jackson county, Missouri, as shown by the recorded plat thereof, be and the same is hereby canceled, set aside and held for naught; that plaintiffs and each of them are forever barred of any right, title, claim or interest in and to the said described Kansas City, Mo., property, and that defendant, the Gregg Realty Company, as against plaintiffs, is entitled to the immediate possession thereof.

"It is by this court further ordered and decreed that the deed of Ada Payne of July 20, 1928, conveying to D. D. Moorehouse the premises last described, which deed was on or about the 23d day of July, 1928, and prior to the commencement of this action, tendered to defendants, and now in the possession of the clerk of this court, on written application therefor by defendant, the Gregg Realty Company, said deed shall be by said clerk delivered to defendant company, or to whomsoever said defendant company may in writing direct."

It will be noted that one of the grounds on which the trial court set the deed aside was that appellant traded property of its own to appellees for their property, the conveyance of which is sought to be set aside here, while acting as agent for the Paynes, under the pretense that it actually belonged to a third party.

Appellant argues that there was no fiduciary relationship between it and Mr. and Mrs. Payne and that hence there was no reason why it could not sell the property to the Paynes while acting as their agent under the pretense that the property belonged to another, when as a matter of fact it belonged to appellant. ' What the argument amounts to is that a contract whereby an agent agrees to find a buyer for a piece of real estate in behalf of another is not such a contract as to create a fiduciary relationship. This court has held otherwise on that point. (*Krutz and Campbell v. Fisher*, 8 Kan. 90; *Fry v. Platt*, 32 Kan. 62, 3 Pac. 781; *Shaffer v. Lindsay*, 114 Kan. 22, 216 Pac. 1086.) The above cases are authority for the rule that one employed in a fiduciary capacity is precluded from dealing in the property which is the subject of the relationship. In the case at bar the evidence was conclusive that the Paynes would never have entered into the contract for the exchange of the properties had they not believed that D. D. Moorehouse was the owner of the

Kansas City property and appellant was acting in good faith as their agent.

Appellant argues that the fact that the agency pleaded in the petition was not denied under oath should not be held to bind them in this case. Since there is ample evidence to justify the court in holding that a contract of agency existed which created a fiduciary relationship between the Gregg Realty Company and the Paynes, it will not be necessary to pass on that question.

Appellant points out a letter written to Mr. Payne about a year after the transaction occurred, in which an employee of the Gregg Realty Company warned Mr. Payne that he had been cheated, and advised him as to what action he should take. It is pointed out that after receiving this letter the Paynes went ahead and had dealings with appellant, which it is claimed constituted a waiver of the fraud charged. All that the refusal of the Paynes to act on this letter indicates is that the company still had the Paynes deceived.

We conclude that there was ample evidence in the record to sustain the findings of the trial court heretofore referred to of the fraud practiced on the Paynes by the appellant. In fact, the entire transaction was so permeated with fraud from its inception as to render it difficult to detail all of it without unduly lengthening this opinion.

The findings and conclusion of the district court are approved and the judgment is affirmed.